Edwin B. Holmes et al., trading as Parker, Holmes & Co., Plaintiffs in Error, v. Samuel J. F. Straus, Administrator, Defendant in Error.

Gen. No. 22,598.   (Not to be reported in full.)

Edwin B. Holmes et al., trading as Parker, Holmes & Co., Appellants, v. Samuel J. F. Straus, Administrator, Appellee.

Gen. No. 22,693.   (Not to be reported in full.)

Error to the Municipal Court of Chicago in Case No. 22,598. Appeal from the Municipal Court of Chicago in Case No. 22,693; the Hon. JOHN J. SULLIVAN, Judge, presiding.   Heard in this court at the October term, 1916.   Affirmed.   Opinion filed March 12, 1917.

### Statement of the Case.

Action by Edwin B. Holmes, Edward A. Perkins, Charles A. Perkins, Edward W. Perkins and Edwin

*See **Illinois Notes Digest**, Vols. XI to XV, and **Cumulative Quarterly**, same topic and section number.

P. Holmes, trading as Parker, Holmes & Company, plaintiffs, against I. W. Brill, defendant, for whom Samuel J. F. Straus, administrator of his estate, was substituted, to recover $698.03, to which the original defendant filed a claim of set-off of $3,753.33. From a judgment for defendant for the full amount of the claim of set-off, the plaintiffs bring error, and from an order denying a motion to vacate the judgment, plaintiffs appeal.

The plaintiffs were a partnership doing business in Boston, Massachusetts, and employed the deceased as a traveling salesman. Their local attorney was Charles H. Burras, who employed Henry A. Fowler a few months after the commencement of the action as attorney to take charge of it. Plaintiffs' Boston attorney knew of Fowler's employment, but such employment and Fowler's authority to represent plaintiffs were not of record. Pending the taking of certain depositions in Boston, settlement of the controversy was suggested, but not consummated, and the taking of the depositions was not completed. In February, 1915, one Leonard L. Cowan was substituted as defendant's attorney upon notice addressed to Burras and Fowler. Prior to that time the case had been continued nineteen times, and after such substitution of defendant's attorneys, it was continued three times more until May 6, 1915, when it was reached on the regular trial call, tried in the absence of plaintiffs' attorney, and judgment entered, allowing the set-off to stand upon the defendant paying the usual costs required in first-class cases under the Municipal Court Act and finding for the defendant thereon. Plaintiffs learned of the judgment in August, 1915, and on September 21, 1915, petition to vacate the judgment was filed, and was denied July 13, 1915, on answer and replication, the court finding:

"First. That the court had jurisdiction to enter the judgment sought to be set aside.

"Second.   That there was neither fraud, accident nor mistake in the entry of said judgment.

"Third.   That by negligence of the plaintiffs and their attorneys they failed to prosecute their case; they neglected to take the steps necessary to have it ready for trial; they failed and neglected to watch their case when it appeared in its regular place on the trial call and failed and neglected to be present on the hearing of said case."

The writ of error and the appeal were consolidated for hearing.

BULKLEY, MORE & TALLMADGE, for plaintiffs in error and appellants.

LEONARD L. COWAN, for defendant in error and appellee; DANIEL V. GALLERY, of counsel.

MR. JUSTICE DEVER delivered the opinion of the court.

## Abstract of the Decision.

1. MUNICIPAL COURT OF CHICAGO, § 5*—*what is effect of adoption of Rule 14 making pleadings in first-class cases same as in fourth-class cases.*   The adoption by the Municipal Court of Rule 14, making the pleadings in first-class cases instituted under the Municipal Court Act on and after April 1, 1910, the same as those in fourth-class cases, *held* to abolish practically every difference that existed formerly in the practice and procedure in that court between the two classes of cases, notwithstanding a difference between the two in the scale of costs.

2. MUNICIPAL COURT OF CHICAGO, § 13*—*when question as to ordering of set-off in fourth-class claim is one of practice and procedure.*   The question whether the Municipal Court may order a set-off for an amount exceeding $1,000 filed in a fourth-class claim under the Municipal Court Act, to be tried in such action as a first-class claim, is one of practice and procedure and not one of jurisdiction since the adoption of Rule 14 of that court making the pleadings in first-class claims under that act the same as in fourth-class claims.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

3. MUNICIPAL COURT OF CHICAGO, § 13*—*what is power of to hear and determine set-off in fourth-class claim.* Since the adoption .by the Municipal Court of Rule 14, making the pleadings in first-class claims filed under the Municipal Court Act practically the same as those in fourth-class claims, that court has the power to hear and determine in a fourth-class claim filed under that act a set-off coming within the first class of claims.

4. JUDGMENT, § 286*—*when evidence sufficient to show negligence of attorneys in not being present at trial.* In proceedings to vacate a judgment, evidence *held* sufficient to show that the plaintiffs' attorneys had not exercised due care and diligence to be present at the time of trial of the action when judgment for the defendant upon his set-off was entered in their absence.

5. TRIAL, § 2*—*what constitutes notice to attorneys of time of trial of case.* Where a case was published in the trial call of the court by its correct number but wrong title, *held* that there was sufficient notice to the parties' attorneys.

6. TRIAL, § 36*—*when presumed that all parties are present in court during time of trial.* The law presumes in the absence of fraud, accident or mutual mistake that all parties interested in a cause were present in court during the course of the trial of the cause.

7. JUDGMENT, § 286*—*when refusal to vacate is proper.* Where a judgment was entered on the regular trial call of the court in favor of one of the parties to the action and against the other, in the other's absence, and without his being represented by reason of lack of due care and diligence on the part of his attorneys, and without any fraud, accident or mistake, and such other party took no action to secure a vacation of such judgment until three or four months later, *held* that the court properly refused to vacate such judgment.

HOLDOM, J., dissenting.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.